**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEVIE HOBSON,

     Plaintiff,

v.                                  Case No. 3:21-cv-678-MMH-MCR

JACKSONVILLE CITY OF
SHERIFF OFFICE,

     Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Plaintiff, Stevie Hobson,

who is proceeding <u>pro</u> <u>se</u>, initiated the instant action on July 8, 2021, by filing

a Complaint (Doc. 1) against Defendants Kensley Partners LLC and

"Jacksonville City of Sheriff Office."   On July 20, 2021, the Court entered an

Order (Doc. 2) striking the Complaint "as incomprehensible in violation of Rules

8 and 10, Federal Rules of Civil Procedure (Rule(s))."   <u>See</u> Order at 1.   The

Court also found that Plaintiff failed to set forth in the Complaint any basis for

this Court's subject matter jurisdiction.   <u>Id.</u> at 1-2.   The Court directed

Plaintiff to file a corrected complaint consistent with the directives of the Order

and cautioned him that failure to do so could result in a dismissal of the action.

Id. at 5.   Plaintiff filed a Complaint of Police Misconduct and Abuse (Doc. 3; Corrected Complaint) on July 27, 2021.

In the Corrected Complaint, Plaintiff invokes the Court's federal question jurisdiction and alleges that the Jacksonville Sheriff's Office (JSO) deprived him of his civil rights by "placing a falsified or abused eviction removal order on [his] front door."   See Corrected Complaint at 2.   In the caption, Plaintiff names only one Defendant, "Jacksonville City of Sheriff Office,"   Id. at 1. However, Plaintiff cannot state a claim against JSO because JSO is not a legal entity amenable to suit.

Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits.   Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office); see also Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).   As such, Plaintiff's attempt to sue JSO for a deprivation of his civil

rights is not legally tenable.   Because Plaintiff would not be able to bring a claim against JSO even with a more carefully drafted complaint, the Court will dismiss Plaintiff's claim against JSO with prejudice.   Nevertheless, the Court will provide Plaintiff with the opportunity to file an amended complaint properly stating a claim against an appropriate Defendant.   In drafting his amended complaint, Plaintiff should ensure he complies with the Court's previous directives in the July 20, 2021 Order (Doc. 2).   Accordingly, it is

**ORDERED:**

1. Plaintiff's claims against Jacksonville City of Sheriff Office are **DISMISSED**.

2. Plaintiff shall have up to and including **November 12, 2021,** to file an amended complaint against a proper defendant.   Plaintiff is cautioned that failure to file a proper amended complaint may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of October, 2021.

**MARCIA MORALES HOWARD**
United States District Judge

- 3 -

lc11
Copies to:

Counsel of Record
Pro Se Parties